UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

AVA GRIGGS

CASE NO. 3:25-cr-260-JEP-LLL
18 U.S.C. § 641
(Theft of Government Money or Property)
18 U.S.C. § 1001
(False Statements)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Theft of Government Money or Property)

From in or about September 2017 to in or about August 2024, in the Middle District of Florida, the defendant,

AVA GRIGGS,

did knowingly and willfully embezzle, steal, purloin, and convert to the defendant's use and the use of others, more than $1,000 of money and things of value of the United States and the U.S. Railroad Retirement Board, a department and agency of the United States, that is benefit payments to which the defendant was not entitled, with the intent to deprive the United States and the U.S. Railroad Retirement Board of the use and benefit of the money and those things of value.

In violation of 18 U.S.C. § 641.

## COUNT TWO
### (False Statements)

On or about January 12, 2021, in the Middle District of Florida, the defendant,

AVA GRIGGS,

did knowingly and willfully make a false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, that is a claim within the jurisdiction of the Railroad Retirement Board, an agency of the United States, by stating in a Representative Payee Report that the defendant's mother lived with the defendant and that the railroad retirement benefits received were used for the defendant's mother's benefit, when, in truth and fact, the defendant knew that her mother was deceased.

In violation of 18 U.S.C. § 1001.

### FORFEITURE

1. The allegations contained in Count One of this Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 641, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, at least $114,416 in proceeds the defendant obtained as a result of the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL.

GREGORY W. KEHOE
United States Attorney

By: _____
KELLI A. SWANEY
Assistant United States Attorney

By: _____
MICHAEL J. COOLICAN
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
12/16/25 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

AVA GRIGGS

INDICTMENT

Violations:   Ct. 1:   18 U.S.C. § 641
              Ct. 2:   18 U.S.C. § 1001

A true bill.

_____

Filed in open court this 18th day of December, 2025.

_____
Clerk

Bail   $_____

GPO 863 525